IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV137-03-MU

| | |
|---|---|
| JOEY D. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SERGEANT HUGGINS; MATTHEW ) | |
| PENNELL; KEITH WHITENER; BOYD ) | |
| BENNETT, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed November 18, 2008. (Document No. 1.)

Plaintiff, an inmate housed at Alexander Correctional Institution, alleges that on or about February 27, 2008 Sergeant Huggins used excessive force on him and pepper sprayed him. Plaintiff alleges that as a result of the excessive force, he received "minor bruising, pain and scarring." Plaintiff also contends that on March 7, 2008, Defendant Matthew Pennell conducted Plaintiff's disciplinary hearing and refused to allow Plaintiff to view the video recording of the alleged excessive force incident. Plaintiff's also named as Defendants Keith Whitener, Superintendent of Alexander Correctional Institution, and Boyd Bennett, Director of Prisons. Plaintiff alleges that Mr. Whitener violated his rights by condoning a policy that requires mandatory kneeling during non-threatening predicaments and for supporting the actions of Defendants Huggins and Pennell. Plaintiff contends that Mr. Bennett violated his constitutional rights by his knowledge of and his support of all the other defendants. For the reasons stated herein, Plaintiff's Complaint will be

1

dismissed.

## I. ANALYSIS

Plaintiff alleges that Sergeant Huggins used excessive against him. When officials are accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). In addition, a plaintiff alleging an excessive force claim is also required to allege something more than a de minimis injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

A plaintiff cannot merely rely on "conclusory allegations" and "must present more than naked allegations" to survive dismissal. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1989) and Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). While a state may not hold and physically punish an individual except in accordance with due process of law, there is a de minimis level of force with which the Constitution is not concerned. Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997) (holding that a pretrial detainee claiming excessive force must show more than a de minimis injury). Taking all of Plaintiff's allegations as true, the "excessive force" he describes in his Complaint does not rise to the level of a Constitutional claim because he does not allege anything more than a de minimis injury as is required.[1] Defendant has not stated a constitutional claim, therefore his claim must be dismissed.

With respect to his remaining claims against Disciplinary Officer Matthew Pennell,

---

[1] Plaintiff claims that he suffered "minor bruising, pain and scarring," as a result of the excessive force by Sergeant Huggins. (See Complaint at 3.)

2

Superintendent Whitener and Director of Prisons, Mr. Boyd Bennett, Plaintiff has not exhausted his administrative remedies with respect to any of these claims.[2] Indeed, Plaintiff's grievance only addressed the alleged excessive force by Sergeant Huggins. Therefore, Plaintiff's remaining claims are dismissed as he has not exhausted his administrative remedies with respect to these claims.[3]

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Signed: December 1, 2008

Graham C. Mullen
United States District Judge

---

[2] A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ Correctional Heath Services, 407 F.3d 674 (4th Cir. 2005). The PLRA, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ, 407 F.3d at 676-77, citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

[3] Moreover, the Court notes that Plaintiff's remaining claims are without merit.