| | |
|---|---|
| JOEY D. SCOTT,  )  )  Plaintiff,  )  )  vs.  )  )  )  FNU HUDGINS, et al.,  )  )  Defendants.  )  ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Vacate" [Doc. 19], which the Court construes as a motion for relief under Rule 60 of the Federal Rules of Civil Procedure.

Pro se Plaintiff Joey D. Scott is a prisoner of the State of North Carolina currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on November 18, 2008, related to events alleged to have occurred while he was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Plaintiff alleged that, on February 27, 2008, Defendant Huggins used excessive force on him, and that Plaintiff suffered "minor bruising, pain and scarring." [See id. at 3]. Plaintiff also alleged that, on March 7, 2008, Defendant Pennell conducted Plaintiff's disciplinary hearing and refused to allow Plaintiff to view the video recording of the alleged excessive force incident. [Id. at 7]. On initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), on December 1, 2008, this Court dismissed Plaintiff's Complaint for failure to state a claim for relief. [Doc. 4]. The Court found relative to Plaintiff's excessive force claim that Plaintiff failed to allege "anything more than a de minims injury." [Id. at 2]. At the time, "a plaintiff alleging an excessive force claim [was] … required to allege something more than a de minimis injury." [Id. (citing Norman v.

Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994))]. Plaintiff appealed and the Fourth Circuit affirmed. [Docs. 8, 15].

Plaintiff now moves for relief from the Court's Order dismissing this case under Rule 60 of the Federal Rules of Civil Procedure. [Doc. 19]. As grounds, Plaintiff argues that, on or around August or September 2022, after having access to Westlaw through a digital tablet issued by the North Carolina Department of Adult Corrections, he found Wilkins v. Gaddy, 130 S.Ct. 1125 (2010), which "points out that the core judicial inquiry of prison officer excessive force is not a certain quantum of injury sustained, but whether force was applied maliciously or sadistically to cause harm, or in good-faith effort to maintain or restore discipline." [Id. at 2]. Plaintiff asserts that Wilkins was not available to him, even with due diligence, "without access to law library prior to August or September 2022." [Id.]. Plaintiff also argues that, under Wolff v. McDonnell, 94 S.Ct. 2963 (1974), Defendant Pennell denied Plaintiff's due process rights incident the disciplinary proceedings and, under Paratt v. Taylor, 451 U.S. 527, 535-36 (1981), Defendants Huggins and Pennell's failure to follow procedure resulted in personal injury and wrongful confinement, respectively. [Id. at 4-5]. Plaintiff asks the Court to allow him to proceed in this action against Defendants Huggins and Pennell. [Id. at 5].

Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence …;
> (3) fraud …, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged …; or
> (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions under Rule 60(b) must be made within a reasonable time "and for

reasons (1), (2), and (3) no more than a year after the entry of the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). "[A] Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). "Therefore, before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious [claim], [and] a lack of unfair prejudice to the opposing party." Id. (citing Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing id.). "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." CNF Contractors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401 (4th Cir. 1995). When seeking relief under Rule 60(b)(6), the movant must also "show extraordinary circumstances justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (internal quotation marks and alteration omitted.").

Plaintiff is not entitled to relief under Rule 60. Notwithstanding whether Plaintiff has met the threshold requirements of Rule 60(b), he is time-barred from relief under (1), (2), and (3) and, even if the delay here could be deemed a "reasonable time" (which it cannot), a change in decisional law is not enough to warrant reopening a final judgment under Rule 60(b)(6).[1] See Kirby v. General Elec. Co., 210 F.R.D. 180, 187 (W.D.N.C. Dec. 8, 2000). Moreover, Plaintiff has not demonstrated extraordinary circumstances justifying reopening the Court's judgment in any event. Even if relief under Rule 60(b)(6) were theoretically available, the statute of limitations in this matter has long since expired. As to Plaintiff's reliance on Wolff and Parratt, ignorance of the law is no excuse for Plaintiff's failure to state a claim for relief before the

---

[1] Subsections (4) and (5) plainly do not apply.

3

limitations periods expired.  See Ott v. Maryland Dep't of Public Safety and Correctional Services, 909 F.3d 655, 661 (4th Cir. 2018) ("Ignorance of the law does not justify tolling, even when a party does not have legal representation.").

For the foregoing reasons, the Court will deny Plaintiff's motion.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Vacate [Doc. 19] is **DENIED**.

Signed: January 30, 2024

Graham C. Mullen
United States District Judge