UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08-cv-00137-GCM

| | |
|---|---|
| JOEY D. SCOTT, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU HUDGINS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment." [Doc. 24].

Pro se Plaintiff Joey D. Scott is a prisoner of the State of North Carolina currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on November 18, 2008, related to events alleged to have occurred while he was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Plaintiff alleged that, on February 27, 2008, Defendant Huggins used excessive force on him, and that Plaintiff suffered "minor bruising, pain and scarring." [See id. at 3]. Plaintiff also alleged that, on March 7, 2008, Defendant Pennell conducted Plaintiff's disciplinary hearing and refused to allow Plaintiff to view the video recording of the alleged excessive force incident. [Id. at 7]. On December 1, 2008, the Court dismissed Plaintiff's Complaint on initial review for his failure to state a claim for relief. [Doc. 4]. Plaintiff appealed and the Fourth Circuit affirmed. [Docs. 8, 15]. Recently, Plaintiff moved for relief from the Court's Order dismissing this case. [Doc. 19]. On January 30, 2024, the Court denied Plaintiff's motion, finding it time-barred and without merit. [Doc. 20]. Plaintiff's appeal from that Order remains pending. [Docs.

21, 23].

Plaintiff now purports to move for summary judgment in this closed case. [Doc. 24]. As grounds, Plaintiff states that, at the time he filed his Complaint, he "was only aware of plain viewing of 'minor bruising, pain and scarring,'" and the action was dismissed "before the discovery phase which would have permitted Plaintiff per Rule 35, Fed. R. Civ. P. to demand a physical examination." [Id. at 1-2]. Further, such examination "may have shown … the diagnosis that was declared on 9 June 2009 by WAYNE MRI clinic[;]" that is, "injuries of 'disc herniation' and ' disc bulging.'" [Id. at 2]. Plaintiff further argues that because Defendants never appeared in this matter, "the facts at issue in this case have been and remain uncontested and undisputed materially." [Id. at 3]. And, if the Court were to order that Defendants' failure to answer Plaintiff's Complaint was "equivalent to an admission of guilt or evasive answer that leaves the facts at issue uncontested," then summary judgment would be "appropriate." [Id.].

The Court will deny Plaintiff's motion. One cannot move for summary judgment in a closed case with no operative Complaint, as there is nothing to adjudicate. Moreover, Plaintiff's original Complaint was dismissed for failing to state a claim for relief in 2008. Defendants did not fail to answer Plaintiff's Complaint. Rather, they had no duty to answer a Complaint that was dismissed and were unlikely even aware it was ever filed. Plaintiff would be well-served to await the Fourth Circuit's adjudication of his most recent appeal and is admonished against filing any further motions for relief in this action, as they likely have no merit and may be summarily denied.

2

Case 5:08-cv-00137-GCM    Document 25    Filed 05/28/24    Page 2 of 3

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Summary Judgment" [Doc. 24] is **DENIED**.

**IT IS SO ORDERED**.

Signed: May 28, 2024

*[Signature]*

Graham C. Mullen
United States District Judge